IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREA TRAMMELL                                                                                    PLAINTIFF

vs.                                        Civil No. 4:08-cv-04072

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Andrea Trammell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed her application for disability benefits on July 12, 2005. (Tr. 44-50). Plaintiff alleged she was disabled due to Hepatitis C and depression. (Tr. 16, 409-427). Plaintiff alleged an onset date of May 1, 2005. (Tr. 44). This application was initially denied on August 17, 2005 and was denied again on reconsideration on December 29, 2005. (Tr. 27-28). On February 6, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 37). This hearing request was

1

granted, and an administrative hearing was held on December 14, 2006 in Texarkana, Arkansas. (Tr. 409-427). Plaintiff was present and was represented by counsel, Howard Goode, at this hearing. *See id.* Plaintiff, Plaintiff's mother (Alice Trammell), and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.*

On September 27, 2007, the ALJ entered an unfavorable decision on Plaintiff's application for SSI. (Tr. 14-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 28, 2005, her application date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: Hepatitis C and depression. (Tr. 16, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-20). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon this review of her subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day; and stand/walk 6 hours in an 8 hour day. Non-exertionally, she is able to perform work where interpersonal contact is incidental to work performed; complexity to tasks is learned and performed by rote with few variables and requiring little judgment; and supervision required is simple, direct, and concrete.

(Tr. 17, Finding 4).

The ALJ determined Plaintiff was born on June 9, 1964 and was thirty-nine (39) years old on the date her application was filed. (Tr. 20, Finding 6). At this age, Plaintiff was categorized as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008). *See id.* The ALJ determined Plaintiff had "at least" a high school education and was able to communicate in English. (Tr. 20, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined she had no PRW she could perform. (Tr. 20, Finding 5). However, the ALJ also determined there was other work existing in significant numbers in the national economy she could perform. (Tr. 21). The ALJ based this determination on the testimony of VE. (Tr. 21). In response to a hypothetical from the ALJ that included all Plaintiff's limitations (including her age, education, and past work experience), the VE found she could perform the requirements of such representative occupations as a poultry worker (15,000 such jobs in Arkansas, 5,000 such jobs in Texas, and 150,000 such jobs in the nation), small products assembler (2,000 such jobs in Arkansas, 10,000 such jobs in Texas, and 180,000 such jobs in the nation), and maid (5,000 such jobs in Arkansas, 30,000 such jobs in Texas, and 200,000 such jobs in the nation). (Tr. 21, Finding 9). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 28, 2005, the date her application was filed, until September 27, 2007, the date of his decision. (Tr. 21, Finding 10).

On October 26, 2007, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 9). *See* 20 C.F.R. § 404.968. On June 27, 2008, the Appeals Council declined to review the ALJ's decision. (Tr. 4-6). On August 12, 2008, Plaintiff brought the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

   It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

   To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. (Doc. No. 7, Pages 2-3). Specifically, Plaintiff claims her depression and Hepatitis C "make it impossible for her to engage in substantial gainful activity." *See id.* In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record. (Doc. No. 8, Pages 2-9). Defendant argues the following in support of his claim: (1) Plaintiff has not adequately briefed her appeal; (2) the ALJ fully and properly evaluated Plaintiff's subjective complaints; and (3) Plaintiff's medical records do not support her alleged disability. *See id.* This Court will address Plaintiff's argument for reversal.

    **A.**    **Evaluation of the Medical Evidence**

In her appeal brief, Plaintiff claims her medical records establish she suffers from disabling

depression and Hepatitis C.[1] (Doc. No. 7, Pages 2-3). Specifically, Plaintiff claims her physician, Dr. Gary Nunn, M.D., diagnosed her with depression and Hepatitis C. *See id.* Plaintiff also claims her physician, Dr. Khoa C. Nguyen, M.D., found she could not work due to her depression: "Her <u>mental</u> disorders are her debilitation." *See id.* In response, Defendant does not dispute the fact that Plaintiff had been diagnosed with depression and Hepatitis C. (Doc. No. 8, Page 3). Defendant noted that the ALJ even found both those impairments were severe impairments. *See id.* However, Defendant claims those two impairments are not disabling. *See id.*

This Court has reviewed Plaintiff's medical records and cannot find a basis for reversing the ALJ's disability determination. For her Hepatitis C, there is no indication in the record Plaintiff had a history of treatment for this impairment. Indeed, Plaintiff only cited one record in support of her claim that she was disabled due to her Hepatitis C. (Doc. No. 7, Pages 2-3). In that record, Dr. Nunn found Plaintiff merely had a history of Hepatitis C. *See id.* Dr. Nunn did not diagnose her with Hepatitis C. (Tr. 405-407). Also, in assessing her limitations, Dr. Nunn found that, even assuming Plaintiff suffered from Hepatitis C, she retained the RFC for light work. (Tr. 408). This finding is consistent with the ALJ's RFC determination. (Tr. 17, Finding 4). Furthermore, Dr. Nguyen, who found Plaintiff's "<u>mental</u> disorders are her debilitation" also found *Plaintiff had no record of having Hepatitis C*. (Tr. 256).

For her depression, Plaintiff cites two medical records in support of this alleged disability. One record is from Dr. Nunn, and one record is from Dr. Nguyen. (Doc. No. 7, Pages 2-3). However, neither of these records establish Plaintiff is disabled due to her depression. Dr. Nunn

---

[1] In support of her claim, Plaintiff references several medical records that are dated well outside the relevant time period (Tr. 206 - 10/2/97; 219 - 5/19/95) and a page that is not included in the transcript and cited it as "(Tr. 434)." There were only 427 pages included in the transcript. This Court will not consider these documents.

6

never diagnosed Plaintiff with depression but, instead, found she had a history of depression. (Tr. 405-406). The fact that Plaintiff reported she had a history of depression does not establish she is disabled due to her depression. Dr. Nunn also did not find Plaintiff had any limitations due to her alleged depression. (Tr. 408).

Dr. Nguyen, in his one-page opinion letter, found Plaintiff's "<u>mental</u> disorders are her debilitation." (Tr. 256). Dr. Nguyen also stated, "[p]ossibly, after in-depth counseling and treatment Andrea may be able to live and perform as a normal person." *See id.* This opinion letter indicates Plaintiff is disabled. There are, however, several problems with Dr. Nguyen's opinion letter. First, Dr. Nguyen's opinion letter was dated over a year *before* Plaintiff's alleged onset date. This opinion letter is dated January 27, 2004, but Plaintiff's alleged onset date is May 1, 2005. (Tr. 44). Therefore, it is unclear why Plaintiff's "debilitation" began a year *before* she even alleged she was disabled. Second, this opinion letter provides no basis for its conclusion. (Tr. 256). Such conclusory findings are not binding on the SSA. *See House v. Astrue,* 500 F.3d 741, 744-745 (8th Cir. 2007). Third and finally, this opinion letter came at a time when Plaintiff refused to seek ongoing medical treatment for her depression. (Tr. 255). Records from 2003 through 2004 indicate that Plaintiff had entirely stopped seeking treatment for her depression and had missed her appointments from September through at least October of 2003. (Tr. 255). Her failure to obtain treatment for her depression indicates that her depression was not very serious. *See Shannon v. Chater,* 54 F.3d 484, 487 (8th Cir. 1995) (holding "[g]iven his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability").

Furthermore, the record otherwise provides substantial support for the ALJ's disability determination. Although Plaintiff has no past relevant work (Tr. 20, Finding 5), she has reported

7

extensive daily activities. On August 8, 2005, Plaintiff reported she cared for her one-year old child and was able to walk, drive, and pay her bills. (Tr. 63-70). Plaintiff further reported she went shopping, watched television, spent time everyday with her family, and could walk two miles before having to rest. *See id.* Plaintiff acknowledged she had no problems getting along with family, friends, neighbors, and others. *See id.* Plaintiff acknowledged she had a fair ability to handle changes in her routine. *See id.* Based upon this evidence and because Dr. Nunn's and Dr. Nguyen's findings do not support Plaintiff's claimed disability, this Court finds the ALJ did not err in evaluating Plaintiff's medical records.

### B.   **Evaluation of the Hearing Testimony**

Plaintiff also claims her and her mother's testimony at the administrative hearing establish she is disabled due to her depression. (Doc. No. 7, Pages 1-3). Plaintiff claims she is "unable to do anything" due to her depression, the medication she takes for her depression makes her too drowsy to work, and she was fired from Tyson for missing too many days due to her depression. *See id.* Plaintiff's mother, Alice Trammell, also testified that "Plaintiff's impairments make her listless and depressed" and that "she stays in bed all day." *See id.* Plaintiff argues this testimony establishes she is disabled. *See id.*

In response, Defendant argues the ALJ properly evaluated this testimony and provided sufficient reasons for discounting it. (Doc. No. 8, Pages 3-4). Defendant also claims the ALJ evaluated the entire record prior to discounting Plaintiff's subjective complaints of disability. *See id.* Defendant claims the following: "The ALJ followed the dictates of SSR 96-7p and *Polaski*, and did not rely solely upon the medical evidence of record in evaluating Plaintiff's subjective complaints." *See id.* Defendant claims the ALJ considered "Plaintiff's history of ongoing treatment,

8

her reported activities of daily living, her use of medications, and the physicians' functional assessment of record in finding that Plaintiff's subjective complaints were not entirely credible." *See id.*

After reviewing the ALJ's evaluation of Plaintiff's subjective complaints, this Court finds no error with that evaluation. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ stated the *Polaski* factors and evaluated those factors. (Tr. 19-20). The ALJ considered Plaintiff's extensive daily activities and the fact that Plaintiff only took over-the counter medication for her Hepatitis C. *See id.* The ALJ then noted the following inconsistencies between Plaintiff's subjective complaints and the record as a whole: (1) there was no evidence of any health care provider restricting Plaintiff from all work activities because of her Hepatitis C; (2) Dr. Nunn found physical limitations consistent with the ALJ's RFC determination; (3) Plaintiff's pain allegations were discredited by the fact that she was taking no prescribed pain relievers; (4) Plaintiff's depressive symptoms were apparently related to alcohol and drug abuse as evidenced by treatment notes from Southwest Arkansas Counseling and Mental Health Center; and (5) Plaintiff's responses on her function report disclosed that despite her claimed limitations, she was still able to care for her one year old, drive, prepare meals, shop, pay bills, count change, walk two miles, and watch television with family members. (Tr. 20). Because the ALJ fully complied with the requirements of *Polaski* and properly discounted Plaintiff's subjective complaints, the Court finds the ALJ did not err by discounting Plaintiff's subjective complaints.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record.  Accordingly, this Court recommends this case be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 14th day of February, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE